IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DEMARCUS A. GRESHAM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-044 |
| | ) | |
| MARTY ALLEN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

_____

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

On April 8, 2016, Petitioner Demarcus A. Gresham, currently incarcerated at the Valdosta State Prison in Valdosta, Georgia, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Northern District of Georgia. (Doc. no. 1.) On April 15, 2016, U.S. Magistrate Judge Alan J. Baverman transferred the case to this District because Petitioner appeared to be challenging his conviction in the Superior Court of Wilkes County. (Doc. no. 2.) Because it was unclear from the face of the petition whether Petitioner was seeking relief pursuant to 28 U.S.C. § 2254 or 42 U.S.C. § 1983, this Court ordered Petitioner to refile his complaint under either § 2254 or § 1983 within twenty-one days. (Doc. no. 7.) The Court also explained that because it was unclear whether Petitioner intended to proceed with a habeas corpus case or § 1983 civil rights case, it was also unclear whether Petitioner, through his IFP motion (doc. no. 6), was contending he could not pay the $5.00 habeas corpus filing fee or the $350.00 filing fee for an IFP civil

rights complaint.  (Id.)  The Court cautioned Petitioner that failure to comply with the terms of the Order could result in a recommendation that this case be dismissed.

Petitioner did not respond to the Court's Order allowing him another opportunity to identify the type of case he wanted to pursue, and problematically, Petitioner's refusal to respond as instructed leaves the Court faced with the prospect of a stagnant case that cannot move forward.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness."  Loc. R. 41.1(c).  Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a Petitioner has failed to comply with a court order, "especially where the litigant has been forewarned."  Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

Here, the Court ordered Petitioner to make a selection as to whether he sought to pursue monetary relief under § 1983 or immediate release from incarceration via a habeas corpus petition, and the Court told Petitioner he could not seek relief under both statutes in the same case. (Doc. no. 7.) The Court also explained to Petitioner the difference between a § 1983 civil rights case and a habeas corpus case. (Id.) Furthermore, the Court warned Petitioner that failing to make an election as to the type of case he intended to pursue would result in a recommendation of dismissal of this case without prejudice. (See id. at 3.)

Petitioner's failure to comply with the terms of the Court's Order amounts not only to a failure to prosecute, but also an abandonment of his case. This Court will not allow a case to languish on its docket because a litigant fails to comply with the most basic instructions for informing the Court what type of case he intends to pursue. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Petitioner sought permission to proceed IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

The Court recognizes that Petitioner is proceeding *pro se* and acknowledges that courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[1] See, e.g., Gormley v. Nix, No. 04-12374, 2005 WL 2090282, at *3-4 (11th Cir. Aug. 31, 2005); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, as noted above, the Court is simply recommending dismissal without prejudice until such time as Petitioner is willing to file his case and pursue it. See Mobin v. Mobin, No. 15-11439, slip

---

[1] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

3

op. at 2-3 (11th Cir. Oct. 7, 2015) (affirming dismissal without prejudice where incarcerated litigant refused to comply with multiple court instructions to select civil rights or habeas corpus relief).

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that the motion to proceed IFP be **DENIED** as **MOOT** (doc. no. 6) and that this case be **DISMISSED** without prejudice.

SO REPORTED and RECOMMENDED this 28th day of June, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA