IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DEMARCUS GRESHAM, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-044 |
| | ) | |
| MARTY ALLEN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner's amended petition under 28 U.S.C. § 2254 is before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court **REPORTS** and **RECOMMENDS** Petitioner's motion to proceed IFP be **DENIED AS MOOT**, (doc. no. 6), his § 2254 petition be **DISMISSED** as untimely, and this civil action be **CLOSED**.

**I.  BACKGROUND**

On November 12, 2001, a Wilkes County jury convicted Petitioner of theft by taking, burglary, possession of a knife during a crime, and armed robbery.[1] (Doc. no. 1, pp. 1-2.) Petitioner appealed his convictions to the Court of Appeals of Georgia, which affirmed his convictions on April 15, 2004.[2] Petitioner does not report seeking a writ of certiorari from

---

[1]Georgia Department of Corrections at http://www.dcor.state.ga.us/ (follow "Find an Offender" hyperlink; then search for "Gresham, Demarcus"; last visited Sep. 30, 2016).

[2]Court of Appeals of Georgia Docket at http://www.gaappeals.us/ (follow "docket"

the Georgia Supreme Court, nor does he report having filed a petition for state habeas corpus relief. However, when asked to whether he previously filed any petitions, applications, or motions challenging his judgment of conviction, Petitioner lists several 42 U.S.C. § 1983 cases filed in federal and state courts in Georgia. (See doc. no. 1, pp. 3-4.) Petitioner executed the instant federal habeas corpus petition on April 8, 2016, arguing his Eighth Amendment rights have been violated, he received ineffective assistance of counsel, and he is falsely imprisoned. (See generally id.)

## II. DISCUSSION

### A. The Petition is Untimely.

Pursuant to AEDPA, 28 U.S.C. § 2244(d), there is a one-year statute of limitations for § 2254 motions that runs from the latest of:

> (1)(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

hyperlink; then search for "Gresham"; click on A04A0742; last visited Sep. 30, 2016).

Under § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Here, Petitioner filed a direct appeal, and the Georgia Court of Appeals affirmed Petitioner's convictions on April 15, 2004. Petitioner did not file a motion for reconsideration or appeal his case to the Georgia Supreme Court. Thus, his convictions became "final" when the ten-day time period for indicating intent to seek review in the Georgia Supreme Court expired. See Coates v. Byrd, 211 F.3d 1225, 1226 (11th Cir. 2000) ("The statute specifies that during direct appeal the tolling lasts until (or more accurately, the limitations period begins to run from) 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'"); Ga. Sup. Ct. R. 38(1) (providing that party seeking review in Georgia Supreme Court must file notice of intention to apply for certiorari with the Court of Appeals of Georgia within ten days after entry of judgment by that Court). Moreover, as Petitioner did not appeal to the Georgia Supreme Court, he was not entitled to seek review in the United States Supreme Court and is therefore not entitled to benefit from the ninety-day period for filing a writ of certiorari in the United States Supreme Court. See Pugh v. Smith, 465 F.3d 1295, 1299-1300 (11th Cir. 2006).

The Court recognizes that, pursuant to 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction relief or other collateral review is pending in state court. Cramer v. Sec'y Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006). Here, however, Petitioner does not report having filed for post-conviction relief in state court aside from the direct appeal to the Georgia Court of Appeals

3

described above. Therefore, AEDPA's statute of limitations began to run ten days following the Georgia Court of Appeals' affirmance of Petitioner's convictions on April 15, 2004, and for the purpose of determining the timeliness of Petitioner's request for federal habeas corpus relief, his convictions became final in late April 2004. Thus, the instant petition filed on April 8, 2016, more than eleven years after his convictions became final in April 2004, is untimely.

### B. The Limitations Period Was Not Otherwise Reset under AEDPA, and Petitioner Has Not Shown that He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred.

AEDPA describes three other situations which may delay or reset its one-year statute of limitations: (1) where there is a newly discovered factual predicate for a petitioner's claim which could not have been discovered earlier through the exercise of due diligence; (2) where the State has created some "impediment" to filing the application; or (3) where the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. §§ 2244(d)(1)(B) – (D) (quoted *supra*). Petitioner has not provided any explanation that would delay or reset his one-year statute of limitations under any of these three statutory sections. Thus, the Court concludes there is no basis for statutory tolling of AEDPA's one-year statute of limitations.

Nevertheless, an otherwise untimely § 2254 petition may be considered if a petitioner can demonstrate either he is entitled to equitable tolling or a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights

4

diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1072 (11th Cir. 2011).

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted), *cert. denied*, 133 S. Ct. 351 (2012). As the

5

Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a <u>severely confined</u> category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].' " McQuiggin, 133 S. Ct. at 1933 (emphasis added).

Petitioner has not shown extraordinary circumstances prevented him from timely filing his federal petition. To excuse the untimeliness of his petition, Petitioner merely states he did not "understand the law." (Doc. no. 1, p. 14.) However, the Eleventh Circuit does not accept "a lack of legal education and related confusion or ignorance of the law as excuses for a failure to file in a timely fashion." Perez v. Florida, 519 F. App'x 995, 997 (11th Cir. 2013). Rather, habeas corpus petitioners "are deemed to know of the one-year statute of limitations." Id.

Nor has Petitioner presented any evidence, much less new, reliable evidence to show he did not commit the offenses of which he was convicted such that no reasonable juror would have found him guilty beyond a reasonable doubt. He simply reiterates numerous times that he was "falsely imprisoned" for the past sixteen years, and that he "just need[s] a chance to prove it." (Doc. no. 1, p. 14.) These conclusory statements without the benefit of any supporting facts do not meet Petitioner's burden of demonstrating actual innocence, and do not save the instant petition from being time-barred under AEDPA.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Petitioner's motion to proceed IFP be **DENIED AS MOOT** (doc. no. 6), his § 2254 petition be

6

**DISMISSED** as untimely, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 26th day of October, 2016, at Augusta, Georgia.

_/s/ Brian K. Epps_
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA